# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **INSIGNIA SYSTEMS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 09-4619 (AET)** |
| | : | |
| **v.** | : | |
| | : | |
| **EDELSTEIN, et al.,** | : | **OPINION AND ORDER ON** |
| | : | **MOTION TO COMPEL** |
| **Defendants.** | : | |
| | : | |

This matter comes before the Court by way of a Petition by Insignia Systems, Inc. ("Petitioner" or "Insignia") [Docket Entry No. 1], seeking to compel compliance with two separate subpoenas duces tecum, served upon Respondents Nathan M. Edelstein, Esq. ("Edelstein") and Steven P. Goodell, Esq. ("Goodell") (collectively referred to as "Respondents") with regard to a matter pending in the United States District Court for the District of Minnesota, encaptioned Insignia Systems, Inc. v. News America Marketing In-Store, Inc., Civil Action No. 04-4213 (JRT/AJB) (the "Minnesota Action"). Respondents have filed opposition to the Petition [Docket Entry Nos. 3 and 5], and Petitioner has replied. [Docket Entry No. 7]. After reviewing the submissions, as well as the supplemental correspondence sent to the Court by Petitioner [Docket Entry No. 9], and for the reasons set forth below, the Court denies the Petition.

While the Petition seeks compliance with subpoenas for documents to be used in the Minnesota Action, it actually arises out of an action that was docketed in New Jersey as FGI, Inc. v. News America Marketing In-Store Services Inc., et al., Civil Action No. 04-3500 (AET) (the "New Jersey Action"). That case was dismissed with prejudice as settled, by Order entered on March 10, 2009 [Docket Entry No. 341], after several days of trial. According to the Petition, the

defendant in the Minnesota Action is the same as the defendant in the New Jersey Action, and the cases are "strikingly similar."  [Docket Entry No. 1, ¶5].

The subpoenas at issue were served on local counsel for the parties in the New Jersey Action, seeking production of the 117 exhibits marked into evidence at trial in that matter, prior to the settlement.  [Docket Entry Nos.1-8 and 3 at page 9].  The Goodell subpoena was served on April 17, 2009 and the Edelstein subpoena was served on April 21, 2009.  Both Goodell and Edelstein objected shortly thereafter.

By letter dated April 23, 2009, Edelstein advised counsel for Insignia that the documents sought were not in his custody.  [Docket Entry No. 1-10].  Edelstein then referred counsel to the firms that had served as primary counsel for plaintiff in the New Jersey Action, indicating that the documents might be in their possession or control.

Goodell's response took a more formal tone.  [Docket Entry No. 1-11].  He objected to the production, arguing that (1) the documents sought were subject to a protective order; (2) the subpoena was overbroad; (3) the documents were not relevant to the Minnesota Action; (4) discovery in the Minnesota Action had concluded on August 11, 2008 and the subpoena was therefore out of time; and (5) the documents were not in his possession, custody or control, given that Goodell was local counsel in this case and did not prepare or keep copies of exhibits marked at trial.  Id.

This is not the first time Petitioner has sought to compel compliance with a subpoena seeking the production of documents from the New Jersey Action, to be used in the Minnesota Action.  Insignia notes that in response to a prior subpoena for the production of Floorgraphics' summary judgment exhibits, Floorgraphics complied with the subpoena without objection.

[Docket Entry No. 1 ¶15; 1-17 at page 10]. In fact, it was News America that objected and led to the motion to compel. That matter, encaptioned Insignia Systems, Inc., v. Edelstein, Civil Action No. 08-3355 (AET), was the subject of a decision issued on August 27, 2008 by the Hon. John J. Hughes. [Docket Entry 1-14]. In the August 27 decision, the Court noted that News America's objection to the subpoena was at least in part based on the fact that its own motion to compel production in the New Jersey Action had been denied. In granting Insignia's motion, the Court distinguished between the two applications, finding that it was appropriate to grant the motion for discovery to be used in the Minnesota Action, given that discovery in Minnesota was still ongoing at the time, whereas discovery had already closed in the New Jersey Action. This is telling in this case, given that the record is clear that discovery has now closed in the Minnesota Action.

The question of the timing of this motion is of critical concern to the Court. The Sixth Amended Pretrial Scheduling Order, entered in the Minnesota Action on or about November 7, 2008, provides in relevant part that "[f]act discovery shall be completed on or before **August 11, 2008**, provided, however, that leave of Court is required for any new discovery request." [Docket Entry 5-5] (emphasis in original). Petitioner has not shown that it sought or received leave of the Minnesota Court to serve the subpoenas at issue.

Instead, Petitioner contends that the "trial exhibits sought by Insignia are not discovery, and thus are not subject to the discovery deadline in the Minnesota Action. Rather Insignia seeks the exhibits to utilize them in the Minnesota Action when it offers the testimony of the witnesses who testified in the New Jersey Action." [Docket Entry No. 1-17 at page 5]. Petitioner admits that the subpoenas were served pursuant to Fed. R. Civ. P. 45(a)(2), and that the Court's

3

authority to enforce the subpoenas derives from Fed. R. Civ. P. 37(a) (failure to make disclosure or discovery) and 45(e) (contempt for failure to respond to a subpoena).  [Docket Entry No. 1-17 at page 11].  Furthermore, Petitioner argues that the scope of a subpoena is governed by Rule 26.  [Docket Entry No. 1-17 at page 24].  Petitioner does not offer any support for its contention that the subpoenas are not discovery, and the Court finds no basis for it.

Nor does Petitioner give any rationale for its failure to show that it could not obtain the documents sought from News America itself.  News America is the common link between the two actions.  If the documents sought are not discovery and therefore are not barred by the fact that discovery in the Minnesota Action has closed, there is no reason offered as to why Petitioner did not seek to compel those documents directly from News America as the defendant in the Minnesota Action, without going through the tortuous steps it has taken to try to compel local counsel in the New Jersey Action to obtain and produce them.  The record reflects that the request was made of News America, and that News America stated its intention to decline to produce the documents.  [Docket Entry Nos. 1-4, 1-5].  Petitioner threatened to seek relief from the court if News America did not comply with the request.  [Docket Entry 1-6].  Nonetheless, there is nothing in the record reflecting a request to the court in the Minnesota Action to compel News America to make the production or for other relief.

Given that the Court overseeing the Minnesota Action has closed discovery, and the record reflects that the Court on several occasions has referenced and enforced the fact that discovery is closed [Docket Entry Nos. 5 at page 3; 5-4; 5-5; 5-6], this Court is reluctant to allow Petitioner to essentially circumvent that ruling and re-open discovery by use of third-party subpoenas served in another district.

4

The Court also considers the objections made by both Edelstein and Goodell to the subpoenas, based on their assertions that the trial exhibits are not in their possession, custody or control.  Because these objections were not raised in response to the 08-3355 subpoena, Petitioner contends that it rings hollow here.  [Docket Entry No. 1-17 at page 33].  As a practical matter, however, this Court notes that there is a distinction between exhibits to a summary judgment motion, which, as a pleading, must be filed by local counsel, see Loc. Civ. R. 101.1(c)(4), and exhibits marked at trial, where *pro hac vice* counsel is presumably taking the lead and might reasonably maintain exclusive possession of the exhibits.

The submissions of Goodell and Edelstein confirm that they in fact do not have possession, custody or control of the trial exhibits.  [Docket Entry No. 5-2 ¶¶8-9; Docket Entry No. 3 at pages 1, 4].  In his brief, Edelstein states that as local counsel, "he (Mr. Edelstein) did not take possession, custody or control of any of FLOORgraphics' prior trial exhibits" at or after the conclusion of the trial on March 10, 2009.  [Docket Entry No. 3 at 1].  Edelstein further maintains that "[i]f the documents were retained post-trial, they are maintained and in the possession, custody and control of the law firms Boies, Schiller & Flexner, LLP and/or Susman Godfrey, LLP.  Mr. Edelstein has no managerial position in nor affiliation with either of those firms."  [Docket Entry No. 3 at page 3].  Further, Edelstein contends that he "has no power nor 'legal right' to compel either Boies, Schiller & Flexner, LLP and/or Susman Godfrey, LLP to produce documents exclusively within their possession, custody and control."  [Docket Entry 3 at page 5].[1]

---

[1]After this motion was fully briefed, counsel for Petitioner and Edelstein submitted additional correspondence, with regard to their contention that Edelstein's initial objection to the subpoena was limited to his lack of possession or custody of the documents, rather than control.

5

For his part, Goodell declares under penalty of perjury that "[he] did not prepare any of the exhibits for use at trial, prepare exhibit lists, present evidence at trial, or keep copies of the News America exhibits used at trial.  Nor did [he] keep copies of exhibits used by Floorgraphics during the trial."  [Docket Entry No. 5-2 ¶8].

Rather than pursuing the documents from the firms referenced, Petitioner moved to compel from the attorneys that say they do not have them.  In so doing, Petitioner disputes that the documents are not within the "control" of Respondents and that the objection is "specious," essentially suggesting that Respondents bear the burden of obtaining the documents from lead counsel.  [Docket Entry No. 1-17 at page 33].

While Petitioner recognizes that "control" includes "the legal right to obtain" a document, [Docket Entry No. 1-17 at page 33, quoting 7 Moore's Federal Practice (3d Ed. 2006), §34.12[2][b]], it argues that as local counsel, Edelstein and Goodell fit within the requirement that documents within the control of a party's agents, attorneys or accountants are subject to production in discovery "due to their legal right and practical ability to obtain the materials." [Docket Entry No. 1-17 at page 34].  The cases cited by Petitioner support the fact that a party may have the right to obtain files relating to its representation from its attorneys.  Id.  They give no support, however, for their conclusion that Respondents' roles as local counsel give rise to such a relationship.  This is not a case where documents are being sought from a party who

---

[Docket Entry No. 9; see also Docket Entry No. 7 at page 5-6].  The Court finds that Edelstein sufficiently put Petitioner on notice of his objection by stating that he did not have custody of the documents and telling Petitioner whom he believed did in fact have possession and control of the documents in question.  [Docket Entry 1-10].  In addition, given that Petitioner bears the burden in establishing that Edelstein has either possession, custody or control, and this Court finds that it failed to meet that burden, the Court rejects the argument that Edelstein waived this objection.

objects, saying that it does not have the documents but that they are in the possession, custody or control of its agent or attorney.  As noted above, Petitioner elected not to seek the documents from the party itself.

Furthermore, the cases relied upon by Petitioner with regard to the finding of "control" are distinguishable.  For example, Camden Iron and Metal, Inc. v. Marubeni America Corp., 138 F.R.D. 438 (D.N.J. 1991), in analyzing whether the parent/subsidiary relationship gives rise to the type of "control" at issue here, considered a number of factors, including whether there was control over the documents; whether the corporate veil was pierced; whether the subsidiary was an agent of the parent corporation; whether the subsidiary could obtain the documents from the parent to meet its own business needs; whether there was access to the documents in the ordinary course of business; and whether the subsidiary marketed and serviced the parent's product. Camden Iron, supra, at 442-44.  None of these are even remotely close to the relationship between co-counsel, whose only relationship is that they were retained by the same party in a litigation.  There is certainly no suggestion in the record of a basis for an agency relationship, or that there is "easy and customary access" to documents in the ordinary course of business. Camden Iron, supra, at 444.

Petitioner bears the burden of establishing that Respondents have control over the documents sought.  Camden Iron, supra, at 441.  This Court finds that Petitioner has not met that burden.

Given that the Court finds ample basis to deny the motion to compel in light of the fact that discovery in the Minnesota Action has been closed since August 11, 2008 - more than a year before the present motion to compel was filed, and well before the subpoenas at issue were even

served - and both Goodell and Edelstein have asserted unequivocally that they do not have possession, custody or control over the documents sought, this Court need not reach the issues of relevance, overbreadth, burden, and confidentiality.

Finally, the Court finds no basis for Petitioner's request that it be awarded its attorneys' fees and costs incurred in preparing the instant motion and denies the request for an award of sanctions against Respondents.

For the foregoing reasons, and the Court having considered this matter pursuant to <u>Fed. R. Civ. P</u>. 78, and for good cause shown,


**IT IS on the <u>20th</u> day of <u>October, 2009</u>,**


**ORDERED** that Insignia's Petition to compel compliance with the subpoenas duces tecum served upon Respondents Goodell and Edelstein [Docket Entry No. 1] be and it hereby is **DENIED**; and it is further

**ORDERED** that the request for sanctions and fees against Respondents is **DENIED**; and it is further

**ORDERED** that the Clerk's office shall terminate Docket Entry No. 1.


s/ Lois H. Goodman

**HONORABLE LOIS H. GOODMAN**
**UNITED STATES MAGISTRATE JUDGE**
